IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

"R" BEST PRODUCE INC.,

    Plaintiff,

v.

                              Case No.: 1:24-cv-24-3344

YASA MARKETING INC.
D/B/A MAZUMA TRADING CO. and
JORGE GUTIERREZ

    Defendants.
_____/

## COMPLAINT

Plaintiff, RBEST PRODUCE, INC., by and through undersigned counsel, hereby sues YASA MARKETING INC. D/B/A MAZUMA TRADING CO., and, in support thereof, states as follows:

## PARTIES

1. Plaintiff, RBEST PRODUCE, INC. ("RBEST" or "Plaintiff"), is a for-profit corporation organized and existing under the laws of the State of New York, with a principal place of business located at 99 Seaview Blvd., Port Washington, NY 11050, which owns and operates the website http://www.rbest.com/.

2. Defendant, YASA MARKETING INC. D/B/A MAZUMA TRADING CO. ("MAZUMA"), is a for-profit corporation duly organized and existing under the laws of the State of Illinois, with a principal place of business located at 4201 W 36th St #201, Chicago, IL 60632, which owns and operates the website https://www.mazumatrading.com/.

3. Defendant, JORGE GUTIERREZ ("GUTIERREZ"), is an individual with an address of 4201 W 36th St Unit 401, Chicago, IL 60632, and is the listed owner of the U.S.

4

Trademark Registration Nos. 7088580 (SOL word mark) and 7088581 (SOL stylized design mark). Together, MAZUMA and GUTIERREZ, shall be referred to as "Defendants."

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because of claims arising under the Lanham Act (15 U.S.C. §§1051 *et seq.*), and pendant jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

5. This Court has *in personam* jurisdiction as to Defendant because, upon information and belief, it is subject to both general and specific jurisdiction in this State. More particularly, upon information and belief, Defendant's principal place of business is in this district, regularly conducts business activity in the State of Illinois and sells and offers goods in this judicial district.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b) because, among other things, a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## STATEMENT OF FACTS

7. RBEST is a premier produce supplier and offers the highest-quality produce, unwavering reliability, and superior customer service. Among its products are plantain chips offered under the "EL SOL" brand name.

8. Plaintiff owns U.S. Trademark Registration No. 3336018 for EL SOL (word mark) covering goods in Class 29 described as "Processed fruits, processed vegetables, processed tubers" and in Class 31 described as "Fresh fruits, fresh vegetables, fresh tubers, fresh herbs." The foregoing Registration is not limited by channels of trade or classes of purchasers. Plaintiff's Registration is valid, subsisting and incontestable and is evidence of the validity of the registered mark set forth therein, and Plaintiff's exclusive right to use the registered mark in connection

with the goods specified in the registration. A copy of the registration is attached hereto as **Exhibit A**.

9. Plaintiff owns U.S. Trademark Registration No. 3345154 for mark EL SOL QUALITY TROPICAL PRODUCTS (stylized) covering goods in Class 29 described as "Processed fruits, processed vegetables, processed tubers" and in Class 31 described as "Fresh fruits, fresh vegetables, fresh tubers, fresh herbs." The foregoing Registration is not limited by channels of trade or classes of purchasers. Plaintiffs Registration is valid, subsisting and incontestable and is evidence of the validity of the registered mark set forth therein, and Plaintiff's exclusive right to use the registered mark in connection with the goods specified in the registration. A copy of the registration is attached hereto as **Exhibit B**.

10. Plaintiff owns U.S. Trademark Application No. 98436223 for mark EL SOL (word mark) covering goods in Class 29 described as "Apple chips; Banana chips; Kale chips; Plantain chips; Potato chips; Vegetable chips; Yuca chips" and U.S. Trademark Application No. 98436240 for mark EL SOL BRANDS INC (stylized) covering goods in Class 29 described as "Apple chips; Banana chips; Kale chips; Plantain chips; Potato chips; Vegetable chips; Yuca chips," each with a stated first use in commerce date of June 26, 2015.

11. Plaintiff has used its marks in intrastate and interstate commerce consistently for Class 29 goods, and in so doing, has attained exclusive rights in its mark for these goods and related goods.

12. The consuming public has come to recognize the Plaintiff's marks as identifying Plaintiff's leading goods, and as pointing to Plaintiff as the source or origin of the goods bearing the Plaintiff's marks. Plaintiff's marks represent the valuable goodwill of Plaintiff's business,

having accumulated over 17 years of history in the industry.

13. After Plaintiff first adopted its marks (and according to GUTIERREZ's trademark registrations, in or around October 2022), Defendants began using the mark Sol in connection with the promotion and marketing of Defendants' products, intentionally misleading consumers into believing that they were accessing, viewing, and purchasing Plaintiff's products. The following is Plaintiff's packaging compared with Defendants' packaging:



14. Upon information and belief, third parties have believed Defendants to be the source of Plaintiff's products as a result of Defendants' actions.

15. By adopting and using Plaintiff's marks, Defendants are infringing Plaintiff's rights in its marks, creating actual confusion as to the source or origin of its goods, and unfairly

competing with Plaintiff, all to the detriment of Plaintiff.

16. Defendants' incorporation of Plaintiff's marks in their advertising and product packaging, including the look and feel (such as the similar color use and emphasis of the word "SOL"), misleads, confuses, and/or misdirects consumers searching for Plaintiff's brand to purchase Defendants' products.

## COUNT I – Infringement of Registered Trademark under 15 U.S.C. §1114
### Against Defendants

17. This Count is an action by Plaintiff against Defendants for infringement of Plaintiff's Registration.

18. Plaintiff herein restates and reincorporates into this Court the allegations of Paragraphs 1 through 16 above.

19. Plaintiff filed for and obtained Plaintiff's Registration well-prior to Defendants' use of Plaintiff's marks. Moreover, by virtue of its long-term use and promotion, Plaintiff established valuable goodwill in its marks well-prior to Defendants' use of Plaintiff's marks.

20. The marks that Defendants have used to market and promote their goods are either identical to or highly similar to Plaintiff's mark, incorporating it in its entirety.

21. Defendants engaged in the marketing, promotion, and sale of goods featuring the use of Plaintiff's marks in a manner that is confusingly similar to the mark shown in Plaintiff's Registrations as well as its pending applications. Upon information and belief, consumers have been actually confused about whether Defendants' goods marketed and promoted under Plaintiff's marks originate with Plaintiff.

22. Defendants' adoption and use of Plaintiff's marks is likely to continue to deceive, confuse, and mislead purchasers and prospective purchasers into believing that Defendants'

products emanate from, are authorized by, and/or are in some manner affiliated with or endorsed by Plaintiff.

23. Plaintiff has suffered injury by reason of Defendants' infringing activities, and Plaintiff is likely to suffer irreparable harm unless Defendants' infringing activities are permanently enjoined.

24. Upon information and belief, Defendants' conduct as outlined herein was in willful disregard for Plaintiff's rights so as to justify an award of exemplary damages and attorneys' fees under 15 U.S.C. §1117.

25. Defendants' activities in adopting and/or continuing to use Plaintiff's marks after notification by Plaintiff is malicious, fraudulent, deliberate, and willful.

26. Plaintiff has been damaged by Defendants' infringing uses as described above.

27. Unless enjoined by the Court, Defendants' infringing activities will continue to cause harm to Plaintiff.

**COUNT II – Common Law Trademark Infringement Against Defendants**

28. This Count is an action by Plaintiff against Defendants for monetary damages and injunctive relief for Defendants' aforesaid acts of common law trademark infringement.

29. Plaintiff herein restates and reincorporates into this Court the allegations of Paragraphs 1 through 27 above.

30. By virtue of its long-term use and promotion, Plaintiff established valuable goodwill in its marks well-prior to Defendants' use of Plaintiff's marks.

31. Defendants' advertising and marketing, including but not limited to its product packaging, has incorporated Plaintiff's marks in its entirety.

32. Defendants engaged in the marketing, promotion, and sale of goods featuring the use of Plaintiff's marks in a manner that is confusingly similar to the mark shown in Plaintiff's Registrations and pending applications. Upon information and belief, consumers have been actually confused about whether Defendants' goods marketed and promoted under Plaintiff's marks originate with Plaintiff.

33. Defendants' adoption and use of Plaintiff's marks is likely to continue to deceive, confuse, and mislead purchasers and prospective purchasers into believing that Defendants' products emanate from, are authorized by, and/or are in some manner affiliated with or endorsed by Plaintiff.

34. Plaintiff has suffered injury by reason of Defendants' infringing activities, and Plaintiff is likely to suffer irreparable harm unless Defendants' infringing activities are permanently enjoined.

35. Upon information and belief, Defendants' conduct as outlined herein was in willful disregard for Plaintiff's rights so as to justify an award of exemplary damages and attorneys' fees under 15 U.S.C. §1117.

36. Defendants' activities in adopting and/or continuing to use Plaintiff's marks after notification by Plaintiff is malicious, fraudulent, deliberate, and willful.

37. Plaintiff has been damaged by Defendants' infringing uses as described above.

38. Unless enjoined by the Court, Defendants' infringing activities will continue to cause harm to Plaintiff.

### COUNT III – Unfair Competition under 15 U.S.C. §1125(a)
### Against Defendants

39. This Count is an action by Plaintiff against Defendants for monetary damages and

4

injunctive relief for Defendant's aforesaid acts of trademark infringement and unfair competition in violation of 15 U.S.C. § 1125(a).

40. Plaintiff herein restates and reincorporates into this Count the allegations of Paragraphs 1 through 38 above.

41. Defendants' aforesaid activities constitute unfair competition and trademark infringement in violation of 15 U.S.C. §1125(a).

42. Plaintiff has suffered monetary damages as a result of Defendants' actions and is entitled to a disgorgement of Defendants' profits.

43. Plaintiff has no adequate remedy at law, as these acts of unfair competition have caused, and unless enjoined, will continue to cause Plaintiff irreparable harm that cannot be fully compensated by monetary damages.

44. The reputational damage suffered by Plaintiff is not easily or fully compensated by monetary damages. Plaintiff is entitled to injunctive relief against Defendants' unfair activities.

45. Plaintiff is entitled to injunctive relief against Defendants, as well as all other monetary remedies available, including but not limited to compensatory damages, enhanced damages, disgorgement of profits, costs and attorneys' fees.

### COUNT IV – Unfair Competition under Illinois Common Law
### Against Defendants

46. This Count is an action by Plaintiff against Defendants for monetary damages and injunctive relief for Defendant's aforesaid acts of unfair competition in violation of Florida common law.

47. Plaintiff herein restates and reincorporates into this Count the allegations of

4

Paragraphs 1 through 45 above.

48. Defendants' aforesaid activities constitute unfair competition in violation of Illinois common law.

49. Plaintiff has suffered monetary damages as a result of Defendants' actions and is entitled to a disgorgement of Defendants' profits.

50. Plaintiff has no adequate remedy at law, as these acts of unfair competition have caused, and unless enjoined, will continue to cause Plaintiff irreparable harm that cannot be fully compensated by monetary damages.

51. The reputational damage suffered by Plaintiff is not easily or fully compensated by monetary damages. Plaintiff is entitled to injunctive relief against Defendants' unfair activities.

52. Plaintiff is entitled to injunctive relief against Defendants, as well as all other monetary remedies available, including but not limited to compensatory damages, enhanced damages, disgorgement of profits, costs and attorneys' fees.

**COUNT V – Cancellation of Federal Trademark Registration No. 7088580 Against Gutierrez**

53. This Count is an action by Plaintiff against GUTIERREZ for cancellation of U.S. Trademark Registration No. 7088580 based on priority and the likelihood of confusion.

54. Plaintiff herein restates and reincorporates into this Count the allegations of Paragraphs 1 through 52 above.

55. Plaintiff has a direct and personal stake in the outcome of the cancellation, as it is the owner of registrations which have been the subject of actual confusion with Defendant's use of the same or substantially similar mark.

56. The mark shown in U.S. Trademark Registration No. 7088580 is almost identical to the marks shown in Plaintiff's registration Nos. 3336018 and 3345154, and is likely, when used on or in connection with the goods of Defendant, to cause confusion, or to cause mistake, or to deceive. In fact, there has already been actual confusion amongst customers between Plaintiff's Registrations and U.S. Trademark Registration No. 7088580.

57. Pursuant to 15 U.S.C. §§1052, 1064 and 1119, U.S. Trademark Registration No. 7088580 should be cancelled.

### COUNT VI – Cancellation of Federal Trademark Registration No. 7088581 Against Gutierrez

58. This Count is an action by Plaintiff against GUTIERREZ for cancellation of U.S. Trademark Registration No. 7088581 based on priority and the likelihood of confusion.

59. Plaintiff herein restates and reincorporates into this Count the allegations of Paragraphs 1 through 57 above.

60. Plaintiff has a direct and personal stake in the outcome of the cancellation, as it is the owner of registrations which have been the subject of actual confusion with Defendant's use of the same or substantially similar mark.

61. The mark shown in U.S. Trademark Registration No. 7088581 is almost identical to the marks shown in Plaintiff's registration Nos. 3336018 and 3345154, and is likely, when used on or in connection with the goods of Defendant, to cause confusion, or to cause mistake, or to deceive. In fact, there has already been actual confusion amongst customers between Plaintiff's Registrations and U.S. Trademark Registration No. 7088581.

62. Pursuant to 15 U.S.C. §§1052, 1064 and 1119, U.S. Trademark Registration No. 7088581 should be cancelled.

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays that this Court enter such preliminary and final orders and judgments as are necessary to provide Plaintiff with the following requested relief:

A. That Defendants, and all of their respective agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, and/or under authority from Defendants, or in concert or participation with Defendants, be enjoined preliminarily and permanently by this Court, from:

 1. using any trademark, service mark, name, logo, domain name, social media name, design and/or source designation of any kind in connection with Defendants' goods or services that is a copy, reproduction, colorable imitation, or simulation of, or is confusingly similar in any way, to Plaintiff's marks;

 2. using any trademark, service mark, name, logo, domain name, social media name, design and/or source designation of any kind in connection with Defendants' goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are sponsored or authorized by Plaintiff; and

 3. passing off, palming off, or assisting in the passing off or palming off of Defendants goods or services as those of Plaintiff, or otherwise continuing any and all such acts of unfair competition as alleged in this action;

B. That U.S. Trademark Registration Nos. 7088580 and 7088581 be cancelled;

4

C. That Plaintiff be awarded all damages caused by the acts forming the basis of this action;

D. That Plaintiff be awarded compensation for corrective advertising for the damage to Plaintiff's goodwill;

E. That Defendants be required to pay to Plaintiff the costs of this action and Plaintiff's reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a);

F. That based on Defendants' willful and deliberate infringement of Plaintiff's marks and the other acts of unfair competition and alleged harm, and to deter such conduct in the future, Plaintiff be awarded punitive damages;

G. That Defendants be required to pay prejudgment interest on all damages and profits awards; and

H. Such other and further relief as this Court deems just and proper.

**JURY TRIAL REQUEST**

Plaintiff requests a trial by jury as to all matters so triable.

April 25, 2024                                      Respectfully submitted.

**HEITNER LEGAL, P.L.L.C**
*Attorney for Plaintiff*
215 Hendricks Isle
Fort Lauderdale, FL 33301
Phone: 954-558-6999
Fax: 954-927-3333

By:
DARREN A. HEITNER
Florida Bar No.: 85956
Darren@heitnerlegal.com

4